23-6722-cr
*United States v. Fitzpatrick*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-four.

PRESENT:
>AMALYA L. KEARSE,
>REENA RAGGI,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                                                                23-6722-cr

DANIEL R. FITZPATRICK,

>*Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:        JAMES M. BRANDEN, Law Office of James M. Branden, Staten Island, NY.

FOR APPELLEE:        TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the June 27, 2023 judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Daniel R. Fitzpatrick ("Fitzpatrick") appeals from the judgment of conviction following his guilty plea to one count of distribution of child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A)-(b)(1). While his plea agreement estimated a Guidelines range of 97 to 121 months' imprisonment,[1] Probation calculated a 151 to 188 months' range after applying a four-level enhancement under U.S.S.G. § 2G2.2(b)(4)(A) because "the offense involved material that portrays sadistic or masochistic conduct or

---

[1] The plea agreement waived Fitzpatrick's right to appeal a sentence less than 20 years. Because the government is not seeking to enforce the waiver, we therefore need not address Fitzpatrick's argument that the waiver is unenforceable.

2

other depictions of violence." Presentence Investigation Report ("PSR") 12 ¶ 36. The district court adopted Probation's calculation and sentenced Fitzpatrick to 156 months' imprisonment, citing, among other factors, his prior engagement as an adult in sexual contact with minors.

Fitzpatrick argues that his sentence is substantively unreasonable. We disagree. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

We review a district court's sentencing determination for "unreasonableness," which is analogous to abuse of discretion review. *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions." *United States v. Ortiz*, 100 F.4th 112, 122 (2d Cir. 2024) (quoting *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015)). In making that determination, we consider whether, under the totality of the circumstances, the sentence "damage[s] the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Mumuni*, 946 F.3d 97, 107 (2d Cir. 2019) (quoting *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014)).

3

Fitzpatrick contends that the district court placed undue weight on the higher Guidelines range calculated by Probation[2] and on Fitzpatrick's prior incidents of sexual misconduct to the detriment of considering other mitigating individualized factors, such as Fitzpatrick's low risk of recidivism.[3] How a sentencing judge weighs "aggravating and mitigating factors is a matter firmly committed to the [judge's] discretion." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). In reviewing a sentence, we do not contemplate what weight this court would have assigned a given factor, but instead we determine only whether the district court's reliance on a factor "can bear the weight assigned [to] it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191.

Here, the record contains no indication that the district court focused on one sentencing factor to the exclusion of others it was obligated to consider. *See* 18 U.S.C.

---

[2] Although Fitzpatrick claims to challenge only the substantive, and not procedural, reasonableness of his sentence, he largely disputes the application of multiple Guidelines enhancements. That claim would be unavailing because it is not procedural error to apply multiple enhancements under § 2G2.2 for the same underlying conduct. *See United States v. Reingold*, 731 F.3d 204, 228 (2d Cir. 2013) (explaining that "§ 2G2.2 is structured so that the range of harms associated with distribution can be addressed through various enhancements"). The district court therefore did not engage in impermissible "double-counting" by applying multiple enhancements under § 2G2.2(b). Appellant's Br. 17.

[3] Fitzpatrick did not challenge the district court's Guidelines range or otherwise raise a substantive reasonableness challenge below. While we have not "decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence," rather than abuse of discretion, *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014), we need not do so here because Fitzpatrick's challenge fails under either standard of review.

4

§ 3553(a). Moreover, the district court acted well within its discretion by considering Fitzpatrick's prior sexual conduct with minors, *see e.g.*, *United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020), and in giving greater weight to the need for specific deterrence. *See Broxmeyer*, 699 F.3d at 289. Furthermore, the district court expressly considered Fitzpatrick's likelihood of rehabilitation, but that was only one of multiple factors that the court had to consider. 18 U.S.C. § 3553(a)(1). The need to "reflect the seriousness of the offense" and "afford adequate deterrence" are other factors that the court must also weigh. *Id.* § 3553(a)(2)(A), (B). The court therefore did not err in its consideration of multiple relevant factors.

Fitzpatrick's Parsimony Clause challenge is also unavailing. *See* 18 U.S.C. § 3553(a) (providing that the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing] set forth in [§ 3553(a)(2)]"). He claims that the court "made no effort to explain" why it did not impose a lower sentence. Appellant's Br. 18. The record is to the contrary. The district court explained the sentence in clear terms, expressly invoking the Parsimony Clause and making an individualized determination about the need for specific deterrence in Fitzpatrick's case.

Nor is the sentence substantively unreasonable because the imprisonment term is higher than what the parties anticipated at the time of the plea agreement's execution. The agreement's terms expressly warn Fitzpatrick that "the [c]ourt is not bound to accept

5

any Sentencing Guidelines calculations set forth in [the plea] agreement," App'x 24, a principle well settled in precedent. *See United States v. Rosa*, 123 F.3d 94, 98–99 (2d Cir. 1997). Furthermore, the district court repeated that warning orally to Fitzpatrick at the change of plea hearing.

We therefore conclude that Fitzpatrick's sentence was not substantively unreasonable. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6